### EZRA HAWKES, JR. *vs.* EDWARD J. DAVENPORT.

In case of an appeal from the judgment of a magistrate in a writ of forcible entry and detainer, the entry of the appeal in the appellate court carries with it all the papers in the case, including the recognizance; and an action may be maintained upon the recognizance, although it was not actually filed in the appellate court until after the rendition of judgment in the suit, if it was so filed before the commencement of the action upon it.

Collecting a judgment for costs, by the plaintiff in a writ of forcible entry and detainer, although it is done by suing out a new writ, and recovering judgment therefor, is no bar to a subsequent suit by him upon the recognizance, to recover rent and damages.

If a plaintiff has had leave to amend his writ by striking out the name of one of the defendants, and thereupon discontinued as to him and proceeded to trial against the other alone, without actually amending his declaration, this mode of proceeding, if acquiesced in at the time, furnishes no reason for granting a new trial, after a verdict against the remaining defendant.

CONTRACT upon a recognizance. The action was brought originally against Edward J. Davenport as principal and William C. Tyler as surety in the recognizance.

At the trial in the superior court, before *Russell*, J., it appeared that the plaintiff sued out a writ of forcible entry and detainer in the police court of the city of Boston to recover possession of a tenement in Bedford Street, and judgment therein was rendered for the plaintiff, and the defendant appealed to the superior court, and entered into the recognizance now in suit, and the plaintiff recovered judgment on the 8th of March 1861, and took out execution on the 16th of the same month. The recog nizance was not placed on file in the superior court until the 29th of March 1861, and had not at the time of the trial been recorded in full, not having been reached in order. The admission of the recognizance in evidence was objected to; but the judge overruled the objection.

After the recovery of the judgment on the appeal, the plaintiff brought an action upon it for the costs, and recovered judgment, which was paid. It was objected that the plaintiff ought not to be allowed to maintain the present action to recover for the rent and damages embraced in the same recognizance; but the judge overruled the objection.

The judge having ruled that there was a mis-joinder of defendants, the plaintiff had leave to amend, and thereupon discontinued as to Tyler, but did not amend his declaration. No objection, on this account, was made to the plaintiff's proceeding.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*H. L. Hazelton & D. E. Ware*, for the defendant.

*D. C. Linscott*, for the plaintiff.

DEWEY, J. 1. To sustain an action upon a recognizance given to prosecute an appeal, it must be sufficiently proved that the recognizance was returned to and entered of record in the appellate court. The defendant contends that neither of these was done in a legal manner. It appears that in fact the recognizance was not returned with the other papers in the case, and has not as yet been spread upon the records of the court. It had, however, before the institution of this suit, been placed on the files of the superior court.

The question raised by this bill of exceptions seems to have been directly and fully met by the case of *Benedict* v. *Cutting*, 13 Met. 181. It was there held that, in the case of an appeal taken, the entry of the action in the appellate court carries with it all the papers, including the recognizance returnable to that court, and they become a record of that court. This being so, all was done that was requisite in this respect to entitle the plaintiff to maintain his action.

Where the record has not been actually extended, the docket and papers on file in the case may be referred to, to supply the evidence that would be furnished by the full record. *McGrath* v. *Seagrave*, 2 Allen, 443. *Park* v. *Darling*, 4 Cush. 197. *Tillotson* v. *Warner*, 3 Gray, 574.

2. The fact of a recovery of the costs of the former action, in a suit on the judgment, payment of which was also a portion of the subject of the recognizance, does not discharge the recognizance, so far as it embraces the performance of other acts; and it is for those that this action is brought. The present is the only action brought on the recognizance.

3. No objection is open upon this bill of exceptions as to the declaration. If the plaintiff did not complete his amendment in that respect, but confined himself to a discontinuance as to one of the defendants, the defendant made no further point as to that at the trial. If an amendment as to this was required, it might at once be ordered, and would furnish no reason for a new trial. Gen. Sts. *c.* 129, §§ 41, 42.

*Exceptions overruled.*